COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


LAUREN WOOTEN

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0604-06-2                  JUDGE SAM W. COLEMAN III
                                                                    MARCH 13, 2007
COUNTY OF HENRICO
  DEPARTMENT OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                  Daniel T. Balfour, Judge

          Jeffrey L. Galston for appellant.

          Marissa D. Mitchell (Donna D. Berkeley, Guardian *ad litem* for the
          minor child; Office of the County Attorney, on brief), for appellee.


        Lauren Wooten, mother, appeals the trial judge's decision terminating her parental rights to

her minor child.  She contends the trial court erred in holding that clear and convincing evidence

established that it was in her child's best interests to terminate her parental rights given that the basis

of the trial judge's decision was mother's incarceration.[1]  She also contends "the trial court failed to

carefully evaluate the specific factors comprising the best interests" of her child in terminating her

parental rights.  For the following reasons, we reverse the trial court's decision to terminate

Wooten's parental rights.

--------------------------------------------------

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] At the time the trial court determined the child's best interest would be served by
terminating mother's parental rights, the foster parents planned to adopt the child.  Subsequent to
the trial court's termination decision the foster parents separated, relinquished custody of the
child, and no longer plan to adopt.  Because "the child's needs" were a factor that the trial court
was required to consider in making the "best interest" determination, this factor which the court
considered to support termination at the time of trial no longer obtained at the time of oral
argument on appeal.

## Background

We review the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence established that the child was born on March 7, 2002 and lived with Wooten and the child's biological father for the first eleven months of his life. They lived in the home of Wooten's parents, but contributed to the household expenses and were the child's primary caregivers. At one point, the child and his parents moved to an apartment but were evicted after the parents were arrested for an offense that occurred in June 2001 involving distributing marijuana to a minor. The parents were incarcerated on February 20, 2003 on these charges. Meanwhile, the child remained in his maternal grandparents' care until November 7, 2003 when the child went into foster care. No other relatives were able or willing to care for the child.

While in foster care, the child visited with his maternal grandparents once or twice a month. His grandparents took him to visit Wooten in jail once or twice a month for hour long visits. In addition, Wooten maintained contact with her child by sending him notes, cards, and worksheets. Wooten will be released on April 20, 2008, after serving a five year, two month sentence.

While incarcerated, Wooten has taken educational, vocational, and parenting classes and has undergone substance abuse evaluations. She has furthered her education while incarcerated, has earned a certificate in tractor driving, and has accomplished skills in auto mechanics and horticulture. Following her release, Wooten intends to work two jobs to pay her fines and provide stable housing. She intends to start her own business to allow for flexibility in balancing childcare and employment.

Dr. John Gruszkos, a licensed clinical psychologist, evaluated Wooten and found that she had issues that would interfere with her "ability to be engaged in a consistent fashion in any

interpersonal relationship." However, Dr. Gruszkos stated that Wooten could overcome any obstacles to parenting her child "with sufficient effort and sufficient single-mindedness." Dr. Gruszkos recommended that the child not be returned to Wooten immediately upon her release from incarceration because "there would have to be some period of adjustment to reestablish the relationship." Dr. Gruszkos recommended that Wooten complete six months of intensive psychotherapy before returning her child to her care.

Rhonda Burch, a social worker, testified that before the child could be returned to Wooten's care, Wooten would have to participate in individual therapy and family therapy with the child to reestablish their relationship, complete substance abuse and parenting classes, demonstrate an ability to maintain stable employment and housing, provide financially for her child, and obtain health care coverage. The Department of Social Services and Wooten agreed that it would take six to twelve months after her release from incarceration for her to accomplish these goals.

Analysis

The Supreme Court of Virginia has recognized the need to "respect . . . the natural bond between children and their natural parents." Weaver v. Roanoke Dep't of Human Res., 220 Va. 921, 926, 265 S.E.2d 692, 695 (1980). When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence that (1) the termination is in the best interests of the child, (2) "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) despite these services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care." "[T]ermination of residual parental rights is a grave, drastic, and irreversible action," Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), and we "'presume[] [the trial court has] thoroughly weighed all the evidence [and] considered the statutory requirements,'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).

In determining what is in the child's best interests, a court must evaluate and consider many factors, including the child's age and physical and mental condition, the parent's age and physical and mental conditions, the relationship between the child and parent, the child's needs, and the role the parent has and will play in the child's upbringing. Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986). We have consistently held that long-term incarceration does not, *per se*, authorize termination of parental rights. Harrison v. Tazewell County Dep't of Soc. Servs., 42 Va. App. 149, 163, 590 S.E.2d 575, 582 (2004).

> [W]hile long-term incarceration does not, per se, authorize termination of parental rights or negate the Department's obligation to provide services, it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the child will be served by termination.

Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

Wooten is incarcerated for an offense she committed approximately nine months prior to her child's birth. She has demonstrated the willingness and ability to take advantage of all the

- 4 -

parenting and skill development classes offered to her during her incarceration. She has had continual contact with her child during her incarceration by having visits with him once or twice a month and by sending him notes, cards, and worksheets. Upon her release, she has a plan that will enable her to pay off her debts, provide stable housing, and provide stable care for her child. Wooten has demonstrated the "sufficient effort and sufficient single-mindedness" necessary to overcome the obstacles to parenting her child. Prior to incarceration Wooten ably parented her child. Because Wooten's incarceration was the only factor supporting the termination of her parental rights and the only reason that Wooten was unable to remedy the conditions within a reasonable period of time that led to her child's placement in foster care, the trial court erred in finding that the Department of Social Services proved by clear and convincing evidence that termination of Wooten's parental rights was in her child's best interest.

Accordingly, we reverse the trial court's decision terminating Wooten's parental rights and remand for proceedings consistent with this opinion.

<u>Reversed and remanded.</u>